UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL HORACEK,

      Plaintiff,

v.

      Civil Case No. 22-10966
      Honorable Linda V. Parker

CHAPLAIN MARKWELL,

      Defendants.
_____/

## OPINION AND ORDER DISMISSING PLAINTIFF'S COMPLAINT PURSUANT TO EASTERN DISTRICT OF MICHIGAN LOCAL RULES 11.2 AND 41.2

On April 27, 2022, Plaintiff Daniel Horacek, a former Michigan Department of Corrections prisoner, filed this lawsuit against Defendant Chaplain Markwell.[1] (ECF No. 1.) Mr. Horacek alleges that Chaplain Markwell violated his First Amendment religious rights as protected under the United States Constitution. The matter was stayed to pursue early mediation but, after mediation was unsuccessful, the stay was lifted on November 22, 2022. (ECF No. 12.) Chaplain Markwell subsequently waived service (ECF No. 14) and filed a jury demand on February 3,

---

[1] According to MDOC's Offender Tracking Information System, Mr. Horacek was paroled on September 7, 2022. *See* https://mdocweb.state.mi.us/otis2/otis2.aspx. He is currently listed as having absconded from probation. *Id*.

1

2023 (ECF No. 16). He apparently waived the right to reply to Mr. Horacek's Complaint pursuant to 42 U.S.C. § 1997e(g)(1).

While Plaintiff sent the Court a notice reflecting changes in his address twice in this litigation, mailings to the address he most recently provided have been returned as undeliverable. (ECF Nos. 18, 20.) On July 11, 2023, the Court issued an order requiring the parties to appear for a telephonic scheduling conference at 1:00 p.m. on July 28. (*See* ECF No. 19.) Plaintiff failed to appear at the scheduling conference or otherwise contact the Court. Plaintiff has taken no action in the litigation since the November 22 mediation conference.

Eastern District of Michigan Local Rule 11.2 sets forth the duty of "[e]very attorney and every party not represented by an attorney" to "promptly" file and serve a notice of a change in that individual's contact information. The rule warns that the failure to comply "may subject that person or party to appropriate sanctions, which may include dismissal, default judgment, and costs." E.D. Mich. LR 11.2. Local Rule 41.2 similarly allows for dismissal of an action "after *reasonable* notice or on application of a party" when a party has "taken no action for a reasonable time." E.D. Mich. LR. 41.2 (emphasis added). The Court cannot reasonably notify a party before taking action under Local Rule 41.2 when the party has failed to comply with Local Rule 11.2.

2

The Sixth Circuit has identified four factors for a court to consider in deciding whether to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (citing *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)). "Although typically none of the factors is outcome dispositive, … a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Shafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008) (quoting *Knoll*, 176 F.3d at 363). Contumacious conduct is "behavior that is 'perverse in resisting authority' and 'stubbornly disobedient.'" *Carpenter v. City of Flint*, 723 F.3d 700, 704-05 (6th Cir. 2013) (quoting *Schafer*, 529 F.3d at 737) (additional quotation marks and citation omitted). "The plaintiff's conduct must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [her] conduct on those proceedings." *Id*. at 705 (additional quotation marks and citation omitted).

Here, the record demonstrates such delay. As detailed above, Plaintiff has ignored these proceedings and the Court's order to appear for a scheduling

3

conference. By failing to apprise the Court of his current contact information and/or respond to the Court's order, Plaintiff has made it impossible to move this litigation forward or for the Court to warn him that his failure to prosecute the action will result in dismissal. It also leads the Court to find no utility in considering or imposing lesser sanctions.

For these reasons, the Court finds it appropriate to dismiss Plaintiff's Complaint with prejudice pursuant to Eastern District of Michigan Local Rules 11.2 and 41.2.

**SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: August 14, 2023

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, August 14, 2023, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager